# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BAKER HUGHES OILFIELD OPERATIONS, INC., | ) ) ) |
| Appellant, | ) ) |
| v. | ) Case No. 17-CV-0374-CVE-FHM ) |
| PATRICK J. MALLOY, III, Trustee, | ) ) ) |
| Appellee. | ) ) ) |

## OPINION AND ORDER

Now before the Court is the Verified Motion of Appellee to Dismiss Appeal as Moot (Dkt. # 25). Appellant Baker Hughes Oilfield Operations, Inc. (Baker Hughes) filed a notice of appeal (Dkt. # 2) challenging the bankruptcy court's order denying Baker Hughes' request for a secured claim in the amount of $39,274.82. Appellee Patrick J. Malloy, III, the bankruptcy trustee, filed a motion to dismiss the appeal asserting that Baker Hughes' appeal is moot, because all assets of the bankruptcy estate have been distributed by the trustee upon order of the bankruptcy court. Dkt. # 25, at 2. Baker Hughes responds that its appeal of the bankruptcy's court's order is not moot, because the issue raised on appeal is capable of repetition and will avoid judicial review. Dkt. # 28, at 4.

Optima Exploration LLC (debtor) filed a voluntary petition for bankruptcy under Chapter 7 of the United States Bankruptcy Code. Baker Hughes filed a claim against the bankruptcy estate in the amount of $39,274, asserting that it had a secured claim based on a state court judgment against the debtor. Dkt. # 9-1, at 18. The trustee filed an objection to Baker Hughes' claim and

argued that Baker Hughes had only an unsecured claim against the bankruptcy estate. Id. at 82. The bankruptcy court issued a bench ruling sustaining the trustee's objection to Baker Hughes' secured claim, and it found that Baker Hughes had an unsecured claim. Id. at 123. On June 26, 2017, Baker Hughes filed a notice of appeal (Dkt. # 2) asking this Court to overturn the bankruptcy's court's order denying Baker Hughes' request for a secured claim, and Baker Hughes filed a motion (Dkt. # 3) in the bankruptcy court to stay the bankruptcy proceedings until the appeal was resolved. The bankruptcy court denied the motion to stay. Dkt. # 12, at 8. Baker Hughes filed its opening appellate brief (Dkt. # 13), and it also filed a motion asking this Court to "direct that any distributions to creditors of the Bankruptcy Case be stayed pending resolution of the instant appeal." Dkt. # 12, at 4. Baker Hughes argued that there would be no funds left in the bankruptcy estate to satisfy Baker Hughes' secured claim unless the Court stayed the bankruptcy proceedings. Id. The motion to stay was referred to a magistrate judge for a hearing, and the magistrate judge denied the motion to stay following a hearing. Dkt. # 24.

The parties agree that the bankruptcy court has entered a final order allowing the bankruptcy trustee, Malloy, to make distributions to creditors and that there are no fund remaining in the bankruptcy estate. Dkt. # 25, at 2; Dkt. # 28, at 3. Malloy argues that Baker Hughes' appeal is now moot, because Baker Hughes acknowledged in its motion to stay that disbursement of the funds in the bankruptcy state would prevent the Court from granting the relief sought by Baker Hughes. Dkt. # 31, at 2. Baker Hughes responds that its appeal is not moot, because the challenged action is capable of repetition but will evade judicial review. Dkt. # 28, at 4.

"The mootness doctrine 'derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'" Ghalani

2

v. Sessions, 859 F.3d 1295 (10th Cir. 2017) (quoting DeFunis v. Odegaard, 416 U.S. 312, 316 (1974)). "A case will be rendered moot if 'the issues presented are no longer live or the parties lack a legally congizable interest in the outcome.'" Wyoming v. United States Dep't of Agric., 414 F.3d 1207, 1212 (10th Cir. 2005) (quoting City of Erie v. Pap's A.M., 529 U.S. 277, 287 (2000)). "The crucial question is whether granting a present determination of the issues offered will have some effect in the real world." Id. (quoting Citizens for Responsible Gov't State Political Action Comm. v. Davidson, 236 F.3d 1174, 1182 (10th Cir. 2000)). There are two exceptions to the mootness doctrine that would allow a court to hear a case after the controversy between the parties has been extinguished. The first exception involves issues that are "capable of repetition, yet evading review." Brown v. Buhman, 822 F.3d 1151, 1166 (10th Cir. 2016). This exception to the mootness doctrine applies when "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." Id. The second exception to the mootness doctrine involves the voluntary cessation of the challenged activity, and a party may not evade judicial review by temporarily ceasing to engage in questionable behavior. New Mexico ex rel. Richardson v. Bureau of Land Management, 565 F.3d 683, 701-02 (10th Cir. 2009).

Baker Hughes acknowledges that all of the funds in the bankruptcy estate have been disbursed to creditors and that it cannot receive further distributions, even if this Court were to find that Baker Hughes should have had a secured claim. Dkt. # 28, at 3-4. However, Baker Hughes argues that it regularly appears in bankruptcy court as a secured creditor, and that the issue raised in this appeal is capable of repetition. The Court initially notes that exceptions to the mootness doctrine apply only in exceptional situations, and a federal court should generally dismiss a case as

3

moot when it cannot grant effective relief to a prevailing party. Fleming v. Gutierrez, 785 F. 3d 442, 445 (10th Cir. 2015). The "capable of repetition, yet evading review" exception to the mootness doctrine will apply only when "something inherent exists in the nature or structure of the [challenged] action that makes it necessarily of short duration," and it must be a circumstance that it is routinely likely to evade judicial review. Wyoming v. United States Dep't of Interior, 674 F.3d 1220 (10th Cir. 2012). Baker Hughes argues that it is "clear" that the first element of the "capable of repetition, yet evading rewiew" exception has been met due to the short period of time between the filing of the appeal and distributions made by the bankruptcy trustee. Dkt. # 28, at 4. It might be true that in this case there was a short period of time between the denial of Baker Hughes' status as a secured creditor and the distribution of the assets of the bankruptcy estate, but Baker Hughes has made no attempt to show that this type of issue is likely to evade appellate review in the future. The Court finds that Baker Hughes has not shown that the issue raised in its appeal is inherently short in duration or likely to evade judicial review, and Baker Hughes has not shown that the first element of the "capable of repetition, yet evading review" exception is satisfied. See Disability Law Center v. Millcreek Health Center, 428 F.3d 992, 997 (10th Cir. 2005). As to the second element, the Supreme Court has stated that there must be a "reasonable expectation" or a "demonstrated probability" that the parties will litigate the same controversy in the future. Murphy v. Hunt, 455 U.S. 478, 482 (1982). While Baker Hughes may anticipate being a creditor in future proceedings, Baker Hughes has not shown that there is a reasonable expectation that the same issue raised in its notice of appeal will arise in a similar factual context. It also appears from the bankruptcy's court ruling that the its decision was specific to the facts of this case, and Baker Hughes has not identified a legal issue that it is likely to arise in future proceeding yet evade judicial review.

4

**IT IS THEREFORE ORDERED** that Verified Motion of Appellee to Dismiss Appeal as Moot (Dkt. # 25) is **granted**, and Baker Hughes' appeal from an order of the bankruptcy court is dismissed for lack of jurisdiction. A separate judgment of dismissal is entered herewith.

**DATED** this 19th day of October, 2017.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE